Magistrate Judge David W. Christel

```
_____ FILED _____ LODGED
         _____ RECEIVED
          Feb 21, 2023
       CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY _____ DEPUTY
```

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> DYLAN JAMES ANDERSON, <br><br> Defendant. | NO.   MJ23-5055 <br><br> COMPLAINT FOR VIOLATIONS <br> 21 U.S.C. § 841(a)(1), (b)(1)(C); 18 U.S.C. § 924(c) |

BEFORE the Honorable David W. Christel, United States Magistrate Judge, U.S. Courthouse, Tacoma, Washington.

The undersigned complainant being duly sworn states:

## COUNT 1

**(Possession of Controlled Substances with Intent to Distribute)**

On or about November 28, 2022, in Clark County, within the Western District of Washington, DYLAN JAMES ANDERSON, did knowingly and intentionally possess, with the intent to distribute, controlled substances, including: methamphetamine and N-phenyl-N- [1- ( 2-phenylethyl ) -4-piperidinyl] propenamide (f*entanyl*), substances controlled under Title 21, United States Code.

COMPLAINT-2023R00233
*United States v. Anderson* -1

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

## COUNT 2

**(Possession of a Firearm in Furtherance of a Drug Trafficking Offense)**

On or about November 28, 2022, in Clark County, within the Western District of Washington, DYLAN JAMES ANDERSON knowingly possessed firearms, to wit: (1) a Remington Arms, pump-action .22 caliber rifle (2) a Rock Island Armory, 1911 compact, .45 caliber, semi-automatic pistol (3) a Taurus, G25 model, 9mm caliber semi-automatic pistol (4) a Springfield Arms Company, 911 model, 9mm caliber semi-automatic pistol (5) a Taurus, Falcon model, 9mm semi-automatic pistol and (6) a Ruger, model 10-22, .22 caliber, semi-automatic rifle, in furtherance of a drug trafficking crime for which the defendant may be prosecuted in a court of the United States: *Possession of Controlled Substances with Intent to Distribute*, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), as alleged in Count 1 above.

All in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

And the complainant states that this Complaint is based on the following information:

I, Eric Livengood, a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") in Portland, Oregon, having been first duly sworn on oath, hereby depose and state as follows:

## AFFIANT BACKGROUND & INTRODUCTION

1.    I am a Special Agent (SA) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since October 2019. I am currently assigned to the Portland, Oregon Field Office in the Seattle Field Division. My training includes 27 weeks of Criminal Investigator and ATF Special Agent Basic Training at the Federal Law Enforcement Training Center in Glynco, Georgia. During this training I received instruction relating to federal law violations, investigation strategies, evidence

COMPLAINT-2023R00233
*United States v. Anderson* -2

collection, interview techniques, and search and seizure. As a Special Agent with ATF, part of my duties and responsibilities include conducting criminal investigations for possible violations of federal firearms, explosives, and arson laws. I have assisted in numerous investigations including but not limited to violent crime, firearms trafficking, and narcotics distribution. Due to my training and experience, I am familiar with methods and techniques used by firearm and narcotics distributors to conduct and conceal their unlawful activities.

2.      The information in this Complaint is based on information provided to me by other agents, officers, and witnesses, and information gained through my training and experience. All dates and times listed are approximate unless otherwise noted.

3.      As set forth below, based on the facts set forth in this Complaint, there is probable cause to believe that violations of 21 U.S.C. § 841(a)(1), possession with intent to distribute controlled substances and 18 U.S.C. § 924(c), possession of a firearm in furtherance of a drug trafficking offense, (hereinafter, the TARGET OFFENSES) have been committed by DYLAN JAMES ANDERSON.

## SUMMARY OF THE INVESTIGATION

4.      The United States is conducting a criminal investigation of suspected drug distribution and weapons violations involving Dylan James Anderson. In November of 2022, the ATF learned that Clark County Sheriff's Office (CCSO) arrested Anderson and subsequently located firearms and illegal narcotics.

Controlled Purchase of Narcotics from Anderson

5.      In August 2022, a confidential informant (CI) identified Anderson as a fentanyl and methamphetamine supplier in the Clark County, Washington area. CCSO had been working with this CI since May 2022 and found them to be reliable.[1] In August

---

[1] The CI has criminal convictions, but no convictions for crimes of dishonesty. The CI has received monetary compensation for their assistance. The CI has been involved in the drug culture for many years. They have admitted to using methamphetamine and have previously and accurately identified methamphetamine to CCSO. The CI has conducted several controlled purchases of narcotics under the direction of CCSO. Assistance from the CI previously led to the arrests of two subjects for felony narcotics and firearms related charges and the seizure of

COMPLAINT-2023R00233
*United States v. Anderson* -3

2022, the CI completed a controlled purchase of approximately 100 fentanyl pills from Anderson. Officers searched the CI just prior to, and after, the controlled purchase and maintained constant surveillance of the CI throughout the controlled purchase.

6.      The pills that the CI purchased from Anderson were round and blue with the letter "M" imprinted on one side and the number "30" imprinted on the other side. CCSO detectives recognized these as counterfeit oxycodone pills, which are commonly found to contain fentanyl. The pills were tested using a "TruNarc" drug scanner and the scanner indicated the pills contained acetaminophen. In previous cases where similar pills field tested positive for acetaminophen, most all were found to contain fentanyl as well. True oxycodone pills do not contain acetaminophen.

<u>Anderson's Arrest at U-Haul Moving and Storage</u>

7.      On November 28, 2022, at approximately 1:03 AM, a CCSO deputy was conducting routine patrol through the U-Haul Moving and Storage parking lot located at 8250 NE Highway 99, in Clark County, Washington. The deputy observed a black Kia sedan backed near the storage unit building on the west side of the parking lot with a female in the passenger seat of the vehicle and a male in the driver's seat. The deputy immediately recognized the male as Anderson based on previous contacts. The deputy had probable cause to arrest Anderson for attempting to elude a police officer on October 10, 2022 (CCSO Case # 22009299).

8.      After Anderson observed the deputy's fully marked patrol vehicle in the parking lot, Anderson quickly exited his vehicle and entered the U-Haul Storage building. The deputy notified dispatch of the situation and requested additional units, including a Vancouver Police Department (VPD) K-9 unit. CCSO deputies began a systematic search of the building. During the search, CCSO deputies observed Anderson attempt to flee out of the south emergency exit. He quickly ran back inside after observing deputies.

methamphetamine, fentanyl, and a firearm. The CI has not given CCSO any reason to doubt the credibility of the information they have provided.

COMPLAINT-2023R00233
*United States v. Anderson* -4

9.     As deputies began to make their way to the second floor of the building, they heard someone quickly closing a roll up storage unit before Anderson called out to deputies that he (Anderson) was present. CCSO deputies could hear Anderson walking down a center aisle that was accessible by a small stairwell. The deputies contacted Anderson at the top of the stairwell and took him into custody without incident.

10.     Knowing that Anderson was under investigation for narcotics distribution and weapons violations, CCSO requested VPD K-9 handler Corporal W. Pardue[2] with K-9 "Oso"[3] to conduct a search of the building. During the search, Oso tracked to the area where CCSO deputies heard and observed Anderson on the second floor. Oso eventually led Corporal Pardue to storage unit #2170, where Oso alerted.

11.     CCSO deputies used keys found on Anderson's person to test the padlock securing unit #2170. A key on Anderson's set of keys successfully engaged the lock and opened it. No entry or search of the unit was conducted at this time.

12.     CCSO placed Anderson under arrest on an outstanding warrant as well as the attempt to elude from October 2022. They brought him to the Clark County Jail.

Search Warrant Execution for U-Haul Storage Unit #2170

13.     A search warrant for unit #2170 was signed by a Clark County Superior Court Judge on November 28, 2022.

//

---

[2] Corporal Pardue has been assigned to the Special Operations Division as a Police Canine Handler since November 2018. Corporal Pardue completed a 15-week Patrol Dog Handler's course with Police Service Dog "Oso," a German Shepherd Police Service Dog. This course met the Washington State Administrative Code (WAC) requirement of 400 hours of training.

[3] K9 Oso was certified by the Washington State Criminal Justice Training Commission (WSCJTC) and the Washington State Police Canine Association (WSPCA) as a Controlled Substance Detection Canine in 2018 and again in 2020. K9 Oso is also certified by the Oregon Police Canine Association (OPCA) as a Controlled Substance Canine and able to operate in Oregon.

COMPLAINT-2023R00233
*United States v. Anderson* -5

14. CCSO detectives entered unit #2170 with the key found on Anderson's key set. The following evidence was collected from inside of the storage unit:

- Six firearms, including:

    (1) a Remington Arms, pump-action .22 caliber rifle, bearing serial number 203884;

    (2) a Rock Island Armory, 1911 compact, .45 caliber, semi-automatic pistol, bearing serial number RIA2371499;

    (3) a Taurus, G25 model, 9mm caliber semi-automatic pistol, bearing serial number TLU40426;

    (4) a Springfield Arms Company, 911 model, 9mm caliber semi-automatic pistol, bearing serial number CC101991;

    (5) a Taurus, Falcon model, 9mm semi-automatic pistol, bearing serial number TJ061642; and

    (6) a Ruger, model 10-22, .22 caliber, semi-automatic rifle, with an obliterated serial number.

- Body armor carrier with metal plates inserted.
- Additional firearm magazines and ammunition.
- Approximately 124 grams of methamphetamine in three separate containers.
- Approximately 264 grams of fentanyl in pill form in two separate containers.
- Two digital scales and drug packaging material in the form of small plastic bags.

COMPLAINT-2023R00233
*United States v. Anderson* -6



15.    CCSO field tested the suspected fentanyl pills with "Detctachem Mobile Detect" brand fentanyl test strips. The pills tested positive for the presence of fentanyl. CCSO seized approximately 264 grams, or an estimated 2,600 pills.

16.    CCSO field tested the suspected methamphetamine with a "Tru Narc" laser drug scanner. The suspected methamphetamine tested positive for the presence of methamphetamine. CCSO seized approximately 124 grams of methamphetamine in a crystalline form.

17.    The two digital scales, packaging material, two of the semi-automatic pistols, and approximately 208 grams of fentanyl and 124 grams of methamphetamine were found together inside of a backpack inside of the storage unit.

Anderson's Jail Call

18.    CCSO detectives reviewed a jail call made by Anderson on December 1, 2022, from the Clark County Jail to his girlfriend, who was present at the U-Haul storage facility when Anderson was arrested on November 28, 2022.

COMPLAINT-2023R00233
*United States v. Anderson* -7

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

19.    During the call, Anderson and his girlfriend talked about the day of Anderson's arrest:

Anderson's girlfriend states: "My main goal on.. after you got arrested was, get into your storage unit before the police got in there, right?"

Anderson states: "Yes."

20.    Anderson's girlfriend said that she obtained a spare key to the storage unit and that she planned to send someone into the storage facility who knew where "everything" was. Before they could attempt to get into the unit, they were notified that the cops "already found shit."

21.    Anderson explains on the call that on the day he was arrested, he hid in his unit until he heard police calling out. At this point in the call Anderson states "so I was like sitting their I'm like in my unit, and they're like this is the police department we're coming in, so I was like fuck, I'm hiding in my unit and then they are gonna have access to my unit…so, fuck that."

### Documentation from U-Haul Storage

22.    On December 2, 2022, CCSO obtained documentation from the U-Haul storage facility at 8250 NE Highway 99, in Clark County, Washington, regarding unit #2170. The contract agreement for unit #2170 had the primary renter listed as Dylan Anderson, with an associated phone number and email address.

### Search of Anderson's Cellular Phone

23.    On December 6, 2022, CCSO obtained a search warrant for Anderson's cellular phone, which was collected from his person when he was arrested on November 28, 2022. Deputies found multiple photographs of firearms and narcotics on the phone. The firearms pictured were similar to some of the firearms recovered inside of storage unit #2170 in their model, color, and size. The narcotics pictured were similar to the narcotics recovered inside of storage unit #2170.

COMPLAINT-2023R00233
*United States v. Anderson* -8

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800





24.    One firearm picture on Anderson's phone is clear and close enough to see serial number "RIA2371499" on the firearm. The serial number matches the serial number of one of the firearms located inside of unit #2170:

COMPLAINT-2023R00233
*United States v. Anderson* -9

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800



25.    Anderson's phone contained multiple photographs of blue "M30" pills that appear similar to the fentanyl pills found inside of the storage unit. In the photograph below, the pills are on a platform with Anderson's name and a phone number written on it. I have seen similar photographs in previous investigations into firearms and narcotics distributors that display firearms, narcotics, or other illicit materials coupled with a contact name, social media identification, or contact information. In my experience, narcotics distributors will use photographs like this advertise products they have for sale, usually through a social media platform:



COMPLAINT-2023R00233
*United States v. Anderson* -10

Officers also found a text conversation between Anderson and his girlfriend just prior to Anderson's arrest. Anderson's words are on the right and his girlfriend's words are on the left.

 

Training and Experience

26.    I know based upon my training and experience, and my conversations with other experienced drug investigators, that methamphetamine is typically used in quantities of one tenth (.1) to one quarter (.25) of a gram, either intravenously or by being smoked. A quarter gram of methamphetamine on the street can sell for around $20 and a pound of methamphetamine can generally sell, depending on many factors including quality and supply, for between $1,700 to $2,500. A person possessing approximately 124 grams of methamphetamine does not possess it for personal use. Scales and smaller packaging baggies are other common indicators of distribution when found with controlled substances.

COMPLAINT-2023R00233
*United States v. Anderson* -11

27.    I know that drug distributors are increasingly selling counterfeit "M30" prescription pills that are manufactured with fentanyl. I have seen and handled thousands of these counterfeit "M30" pills. Of the samples I have handled that were sent for official laboratory testing, laboratory reports have always confirmed the presence of fentanyl in them. I also know a user amount of a counterfeit "M30" pill is often one pill at a time, which can either be ingested, or burned and inhaled. Some users I have personally debriefed may use up to 20 pills per day. These pills can sell on the street to a user for between $5 to $20 per pill. A person possessing approximately 2,600 suspected counterfeit "M30" pills does not possess those pills for personal use.

28.    I also know, from my training and experience, that firearms are considered "tools of the trade" for drug distributors and used in furtherance of their illegal drug distribution activities. I know that drug dealing is both a cash business and a very dangerous business. Drug distributors regularly arm themselves with firearms to protect themselves, their drugs, their profits, and livelihood, thus ensuring they can continue their drug distribution activities. After reviewing Anderson's criminal history record in the state of Washington, I observed that Anderson had been convicted of multiple felonies. I know that individuals with felony convictions are willing to risk being in possession of a firearm unlawfully because of the need for protection while engaged in the drug distribution trade.

**CONCLUSION**

29.    Based on the above facts, I respectfully submit that there is probable cause to believe that DYLAN JAMES ANDERSON did knowingly possess with intent to manufacture, distribute, or dispense controlled substances (fentanyl, methamphetamine), and possess firearms in furtherance of a drug trafficking offense, all in violation of Title 21, United State Code, Sections § 841(a)(1) and (b)(1)(C), and Title 18, United States Code, Section § 924(c).

//

COMPLAINT-2023R00233
*United States v. Anderson* -12

UNITED STATES ATTORNEY
1201 PACIFIC AVE., SUITE 700
TACOMA, WASHINGTON 98402
(253) 428-3800

30.     Under Federal Rule of Criminal Procedure 4.1, this complaint is presented by reliable electronic means.

ERIC LIVENGOOD    Digitally signed by ERIC
LIVENGOOD
Date: 2023.02.21 10:16:06 -08'00'

ERIC LIVENGOOD
Special Agent, Bureau of Alcohol,
Tobacco, Firearms, and Explosives

The above-named agent provided a sworn statement attesting to the truth of the contents of the foregoing affidavit on February _21_, 2023. Based on the complaint and sworn affidavit, the Court finds that there is probable cause to believe that the defendant committed the offenses set forth in the complaint.

The Hon. David W. Christel
United States Magistrate Judge

COMPLAINT-2023R00233
*United States v. Anderson* -13